-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FAY M. HOLLIDAY,

           Plaintiff,

           -v-

PAUL CHAPPIUS, Supt. Elmira C.F.,

           Respondent.

_____

**DECISION AND ORDER**
14-CV-0396A



Petitioner, Fay M. Holliday, an inmate at the Elmira Correctional Facility, who

had filed previously a petition for a writ of a habeas corpus under 28 U.S.C. § 2254,

*Holliday v. Peo. of State of New York*, 10-CV-0193(MAT), which was denied on the

merits on July 7, 2011 (*id.*, Docket No. 7, Decision and Order), has now filed the

instant petition for a writ of habeas corpus challenging the same conviction

challenged in the petition filed previously. The instant petition is filed on a court-

approved form used for filing petitions for writs of habeas corpus under 28 U.S.C. §

2241.[1] The Court does not know if petitioner purposely used the form to file a

petition under § 2241 in order to escape the second or successive rule of 28 U.S.C.

§ 2244(b) or whether he intended to file a petition under 28 U.S.C. § 2254 but used

the wrong form. Petitioner also seeks permission to proceed *in forma pauperis*.

---

[1]Petitioner alleges in the instant petition (1) ineffective assistance of counsel in relation to counsel's recommendation to plead guilty in exchange for a sentence of seven years, but at sentencing petitioner was sentenced to 15 years and counsel did not argue against such a sentence, and (2) the prosecutor deliberately made false statements and misleading assertions in an attempt to persuade the court that petitioner "was so bad that he did not deserve justice." (Docket No. 1, Petition, ¶ 2.)

Because petitioner is in custody pursuant to a state court judgment and challenges that custody on constitutional grounds, his petition must be construed as one brought under § 2254.  *Rossney v. Travis*, 2003 WL 135692, at *3 (S.D.N.Y. Jan. 17, 2003); *see also James v. Walsh*, 308 F.3d 162, 167 (2d Cir.2002) ("[A[] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).  ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead.") (citing *James*, 308 F.3d at 166)).

Generally, however, before a court can convert a § 2241 petition to one brought under § 2254, it must first give petitioner notice of its intention to convert the petition and an opportunity to withdraw the petition without prejudice because a petition filed under § 2254 is subject to the "second" or "successive" petition restrictions of 28 U.S.C. § 2244(b),[2] and such restrictions "might preclude

---

[2]   28 U.S.C. § 2244(b), commonly referred to as a "gatekeeping mechanism," provides in pertinent part:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

[petitioner] from ever seeking federal review of claims, even meritorious ones, not raised in th[e] petition." *Cook*, 321 F.3d at 281-82; *see also Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) ("*Adams I*") (district courts should not recharacterize motions brought under some other provision to ones brought under § 2255 unless petitioner is advised of consequences of such recharacterization, *i.e.*, second or successive petition restrictions, and provided opportunity to withdraw petition).

Because petitioner has already filed a petition for a writ of habeas corpus under § 2254 challenging the conviction he challenges herein, *Holliday*, 10-CV-0193(MAT), and it was denied on the merits, the instant petition is a second or successive petition under § 2244(b), and thus the notice and an opportunity to withdraw requirement set forth in *Adams I* is not required herein. *See Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004) ("*Adams II*") (citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). If a first petition has been denied on the merits previously "the concerns raised in *Adams I* are not implicated when AEDPA's gatekeeping limitations have already been triggered by the prisoner's knowing conduct in filing for habeas relief under § 2255." *Adams II*, 372 F.3d at

---

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

136 (citing *Jiminian*, 245 F.3d at 148).  "In other words, notice is not necessary if a previously filed § 2254 petition has been denied on the merits."  *McCullough v. Fischer*, 2014 WL 576260, at *3 (W.D.N.Y., Feb. 10, 2014) (citing *Jiminian*, 245 F.3d at 148 (so holding in the context of a § 2255 Motion).

A second or successive petition must be transferred to the Second Circuit for a determination, pursuant to § 2244(b)(2)-(3), whether the Second Circuit will authorize the district court to consider the petition.  *See Jiminian*, 245 F.3d at 148; *see also Moore v. Superintendent of Southport Correctional Facility*, 2012 WL 5289599, at *1-2 (N.D.N.Y. Oct. 19, 2012) (second or successive petition transferred to Second Circuit because 28 U.S.C. § 2244(b)(3) "'allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications.' ") (quoting *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir.2003)).

IT HEREBY IS ORDERED, that petitioner is granted permission to proceed *in forma pauperis* and the petition is transferred to the Second Circuit Court of Appeals.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated:      June 16    , 2014