UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAY M. HOLLIDAY,

    Petitioner,

-v-                                    14-CV-0396-A
                                          **ORDER**

PAUL CHAPPIUS, Superintendent Elmira
Correctional Facility,

    Respondent.

---

On May 27, 2014, Petitioner, Fay M. Holliday, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his state court conviction. Upon recharacterization of the Petition to one filed under 28 U.S.C. § 2254, the Court determined that the Petition was a second or successive petition under 28 U.S.C. § 2244(b) and on June 27, 2014, and transferred the Petition to the United States Court of Appeals for the Second Circuit. (Docket No. 3, Decision and Order.) On September 22, 2014, the Second Circuit entered an Order denying Petitioner permission to file a second or successive petition on the basis that the United States Supreme Court's decisions in *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, --- U.S. ---, 132 S.Ct. 1376 (2012), "did not announce new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court." (Docket No. 5, Mandate, Second Circuit (citing *Gallagher v. United States*, 711 F.3d 315 (2d Cir. 2013); *Tyler v. Cain*, 533 U.S. 656, 663 (2001)).

Petitioner has now filed a Motion to Reinstate the Appeal on the grounds that *Missouri v. Frye* and *Lafler v. Cooper, supra*, have been made retroactive on collateral

review. (Docket No. 6, Motion; Docket No. 7, Memorandum of Law.) Regardless of the merits of Petitioner's Motion,[1] this Court has no jurisdiction to entertain the Motion and, in effect, reconsider the Second Circuit's Order denying Petitioner permission to file a second or successive Petition. Any request to reinstate Petitioner's application to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) must be made to the Second Circuit.

Accordingly, Petitioner's Motion to Reinstate Appeal is denied without prejudice to re-filing in the United States Court of Appeals for the Second Circuit. The Clerk of Court is directed to forward to Petitioner a United States Court of Appeals for the Second Circuit T-1080 Form Motion Information Statement http://www.ca2.uscourts.gov/clerk/case_filing/forms/forms_home.html.

The Clerk of Court shall also provide to Petitioner copies of *Serna v. U.S.*, 2015 WL 4716246, at *4 (E.D.N.Y., Aug. 7, 2015); and *Hough v. United States*, 2016 WL 1444668, at *2 (W.D.N.Y., April 11, 2016), in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

**SO ORDERED.**

_____
Richard J. Arcara
United States District Judge

DATED: August 31, 2016
        Buffalo, NY

---

[1] See *Gallagher v. United States*, 711 F.3d 315, 315-16 (2d Cir. 2013) ("Neither *Lafler* nor *Frye* announced a new rule of constitutional law. Both are applications of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, even if *Lafler* or *Frye* did announce a new rule of constitutional law, it was not made retroactive to cases on collateral review by the Supreme Court.") (citations and quotations omitted)); see also *Serna v. U.S.*, 2015 WL 4716246, at *4 (E.D.N.Y., Aug. 7, 2015) (quoting same language from *Gallagher, supra*); *Hough v. United States*, 2016 WL 1444668, at *2 (W.D.N.Y., April 11, 2016) (Wolford, D.J.) (same)).